REQUESTED BY: Dear Senator Labedz:
You have asked for an opinion pertaining to the constitutionality of LB 627. As you know, LB 627 is a bill which amends the provisions of the Local Option Tax Control Act, sections 77-3401, 77-3402, 77-3403, 77-3404, 77-3405,77-3406, 77-3409, and 77-3410, 77-3411, R.S.Supp., 1979.
LB 627 in very general terms does certain things which make the imposition of a local taxing subdivision budget lid different than that provided by state law more difficult. It increases from 5-15% the required number of voters signing petitions to initiate an election. (See section 2). It limits the effect of such a budget limitation to a one year period. (See sections 3 and 4). It imposes certain costs on individuals and organizations filing such a petition and it would do away with any existing budget limitations already adopted by the voters. (See section 9). We have generally discussed several of these questions in opinion to Senator Stoney of this date. We would refer you to that opinion for discussion on specific questions.
Generally, the Legislature may adopt laws relating to the conduct of affairs by local political subdivisions. Our court has, on several occasions, characterized local subdivisions as creatures of statutes. See Schultz v. DixonCounty, 134 Neb. 549, 279 N.W. 179 (1938) in which the court said:
 "True, in Nebraska, a school district is a creature of statute, possessing no power whatever beyond those given by the legislature. . . ." Supra at 555.
and Lindburg v. Bennett, 117 Neb. 66, 219 N.W. 851 (1928) in which the court stated that a county is a creature of statute and has only such powers as are conferred by the Legislature. The Local Opinion Tax Control Act passed by the Legislature was a grant of certain powers to be exercised in specified ways relating to the government and operation of a local political subdivision. The Legislature may continue to regulate those areas.
It is our view that the Legislature has the authority to adopt, amend or repeal legislation relating to the operation of local political subdivisions. Absent an effect upon vested rights such power is limited only by constitutional provisions. We find no constitutional deficiencies except those as previously noted in our opinion above referred to with the general purposes of LB 627.
You have also asked what affect LB 627 would have on budget lids adopted by Omaha and Nebraska City school district voters. It would require pure speculation on our part as to what affect LB 627 would have, thus we decline to render an opinion on that portion of your request.